Dale T. WILSON, Plaintiff–Appellant,

v.

James D. TODD, Judge; Mike Mosier; Mike Holt, Lt.; Cathy Ferguson; Jeff Sheppard, Investigator; John Doe Austin; Jerry Priddy, Capt.; C.J. Chapman; City of Jackson; Medical Center Ems; Linda Wood; Mary Ellen Edwards; Robert P. Edwards; Jeff Davis; Judy Barnhill, Defendants–Appellees.

No. 02–5137.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District Judge.*

### ORDER

Dale T. Wilson, proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to 42 U.S.C. §§ 1983, 1985, and Tennessee state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On August 30, 2001, Wilson filed a complaint against United States District Court Judge James Todd; attorney Mike Mosier; the City of Jackson, Tennessee; the following individuals employed by the City of Jackson: Lieutenant Mike Holt, Investigator Cathy Ferguson, Captain Jerry Priddy, City Court Clerk C.J. Chapman, Investigator Jeff Sheppard, and Investigator John Doe Austin; citizens Mary Ellen Edwards, Robert P. "Rooster" Edwards, and Linda Wood; Medical Center Emergency Medical Services ("MCEMS"); and the following employees of MCEMS: Jeff Davis and John Doe. The complaint was filed in the Madison County, Tennessee, Circuit Court.

Wilson alleged that "on or about the first of November, 1999," he was illegally arrested by officers of the Jackson Police Department and incarcerated in jail following a domestic dispute with his former girlfriend, Mary Edwards. Wilson alleged that the defendants violated his constitutional rights during his arrest, the removal of his personal property from a home that he shared with Mary Edwards, his incarceration, and his transportation to a hospital after he "developed breathing difficulty and passed out falling to the floor of the jail."

The defendants removed Wilson's suit to federal court under the authority of 28 U.S.C. § 1442. The district court dismissed Wilson's complaint for frivolity and failure to state a claim upon which relief may be granted pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), and for lack of jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3). Wilson has filed a timely appeal. All of the defendants, except Mosier, Mary Ellen Edwards, Robert P. Edwards, and Wood, request oral argument in their appellate briefs.

We review de novo a judgment dismissing a suit as frivolous and for failure to state a claim upon which relief may be granted under § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). We also review de novo a district court's dismissal of an action for lack of subject matter jurisdiction. *Friends of Crystal River v. United States Envtl. Prot. Agency*, 35 F.3d 1073, 1077–78 (6th Cir.1994);

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

*Willis v. Sullivan,* 931 F.2d 390, 395 (6th Cir.1991).

Initially, we note that Wilson has waived appellate review of the claims raised in his complaint because his appellate brief does not contain any argument as to why the district court's disposition of such claims was improper. The failure to present an argument in an appellate brief waives appellate review. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Kocsis v. Multi–Care Mgmt., Inc.,* 97 F.3d 876, 881 (6th Cir.1996).

Nevertheless, upon review of the district court's judgment, we conclude that Wilson's complaint was properly dismissed. First, Wilson's complaint against the City of Jackson, Holt, Ferguson, Priddy, Chapman, Sheppard, Austin, Mary Ellen Edwards, Robert P. Edwards, Wood, MCEMS, and Davis is barred by the doctrine of res judicata. *See Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (issue preclusion or collateral estoppel); *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (claim preclusion or res judicata). Second, Wilson's complaint fails to state a claim upon which relief may be granted against Mosier because it contains no factual allegations or legal theories upon which a valid federal claim may rest. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). Third, Wilson's complaint against Judge Todd fails to state a claim upon which relief may be granted because Judge Todd is entitled to judicial immunity. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Accordingly, the requests for oral argument are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.